## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID WADE PRICE, | : | PRISONER CIVIL RIGHTS |
| GDC # 1000606341, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | CIVIL ACTION NO. |
| WILLIAM H. MCCLAIN, Douglas | : | 1:13-CV-2691-TWT-JSA |
| County Judge; JEFF GORE, District | : | |
| Attorney; SHERIFF PHIL D. | : | |
| MILLER, | : | |
|     Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff, David Wade Price, an inmate at the Smith State Prison in Glennville,

Georgia, has filed a *pro se* civil rights action under 42 U.S.C. § 1983.  [Doc. 1].  The

matter is presently before the undersigned for a 28 U.S.C. § 1915A review.  For the

reasons discussed below, the Court recommends that the complaint be dismissed.

I.  28 U.S.C. § 1915A Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial

screening of a prisoner complaint to determine whether the action is either:  (1)

frivolous, malicious or fails to state a claim on which relief may be granted; or, (2)

seeks monetary relief against a defendant who is immune from such relief.  A claim

is frivolous when it appears from the face of the complaint that the factual allegations

are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States or a federal statute; and (2) the act or omission was committed by a person acting under color of state law. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint

2

because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II.  Plaintiff's Allegations

Plaintiff sues Douglas County Judge William H. McClain, District Attorney Jeff Gore, and Sheriff Phil D. Miller, challenging his state criminal proceedings. According to Plaintiff, Gore bribed a witness at his trial "by taking traffic tickets in exchange for testimony."  [Doc. 1 at 3].  Plaintiff also alleges that evidence was withheld which would have proven self defense and that the victim was "extorted." [*Id.*].  Plaintiff seeks a new "fair" trial or to be exonerated, legal representation, replacement of his property, and damages.

## III.  Discussion

To the extent that Plaintiff is attempting to challenge his state criminal proceedings, such a claim cannot be brought in this § 1983 action.  A habeas corpus petition is the proper vehicle for raising claims that may affect the fact or duration of a criminal defendant's confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973).  Thus, Plaintiff must seek habeas corpus relief.

However, the undersigned will not construe Plaintiff's complaint as a habeas corpus petition, as it does not appear that Plaintiff has exhausted his state court

3

remedies, which he must do prior to bringing a federal habeas corpus petition in this Court. *See* 28 U.S.C. § 2254(b)(1)(A).

Furthermore, Plaintiff's claim for damages with regard to his state criminal proceedings is premature. In *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (footnote and citations omitted), the United States Supreme Court stated that a § 1983 cause of action "attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Plaintiff's § 1983 claims have not yet accrued because he has not alleged that any post-conviction proceedings have terminated in his favor. Therefore, his claim for damages must fail.

IV. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that the instant action be **DISMISSED** without prejudice under 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to terminate the referral to the undersigned magistrate judge.

**IT IS SO RECOMMENDED** this 20th day of September, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

4